UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRENDAN J. DOHERTY,                  :
                                     :
            Plaintiff,               :        CIVIL NO. 3:05-cv-557
                                     :
v.                                   :
                                     :
JIM MURPHY, TSA/DHS,                 :
                                     :
            Defendant.               :

RULING ON DEFENDANT'S MOTION TO DISMISS

This action concerns an allegation that the defendant, Jim Murphy, TSA/DHS, a
supervisor employed by the Transportation Security Administration ("TSA"), a
component of the Department of Homeland Security ("DHS"), altered the plaintiff's time
sheet, resulting in a claimed loss of $ 500.98.  The defendant moves to dismiss this
action on the basis of sovereign immunity.  The Court will grant the defendant's motion
to dismiss.

BACKGROUND

At all times relevant, the plaintiff was employed by TSA,  a component of DHS,
as a screener at the Bradley International Airport in Windsor Locks, Connecticut.  The
defendant is one of the plaintiff's supervisors and, at all times relevant, was acting in his
official capacity and within the scope of his employment.

This action was commenced in state court on July 29, 2004 as a small claims
matter and a default judgment was entered for the plaintiff on December 12, 2004 in the

1

amount of $ 500.98, the amount the plaintiff claims was withheld from his pay as a result of the defendant's alteration of his time sheet.  The defendant moved to open judgment and such motion was granted in March 2005.  The matter was subsequently removed to federal court pursuant to 28 U.S.C. section 1441(a).  Claiming that this action is barred by the doctrine of sovereign immunity, the defendant now moves to dismiss.

<u>ARGUMENT</u>

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if  "it is clear that no relief could be granted under any set of facts that could be proved consistent with the  allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). The function of a motion to dismiss "is merely to assess the legal feasability of the complaint, not to assay the weight of the evidence which might be offered in support thereof." <u>Geisler v. Petrocelli</u>, 616 F.2d 636, 639 (2d Cir. 1980).  In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party.  <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).

Sovereign immunity bars the claim against the defendant as he is a federal employee and "an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States. Such suits are barred under the doctrine of sovereign immunity unless such immunity is waived." <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d 502, 510 (2d Cir. 1994).   The plaintiff has not made a claim that the government has waived such immunity.  Indeed, the government has not waived its sovereign immunity.

2

Here, the plaintiff has sued the defendant in his official capacity.  The action alleges the monitoring of an employee's time sheet.  This falls within the ambit of the duty of a supervisor to the performance of his or her supervisees.  Accordingly, this suit is directed against a federal official and is barred by the doctrine of sovereign immunity.

<u>CONCLUSION</u>

For the foregoing reasons, the Court grants the defendant's motion to dismiss [Doc. # 5].  The Clerk is instructed to close this case.

SO ORDERED this _8th___ day of March, 2006 at Bridgeport, Connecticut.


_____/s/_____
Warren W. Eginton
Senior United States District Judge